IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DENNIS JOEL IVEY,
No. 20635-076,

        Petitioner,

    vs.                              Case No. 18-cv-1121-DRH

WILLIAM TRUE,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court for case management. On July 11, 2018, Petitioner was ordered to either pay the $5.00 filing fee for this action brought pursuant to 28 U.S.C. § 2241, or submit a motion for leave to proceed *in forma pauperis*, no later than July 31, 2018. (Doc. 3). Petitioner was warned that if he failed to comply with the Court's order, his case would be dismissed.

The July 31 deadline has come and gone, and Petitioner has failed to respond to the order in this case in any way.

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for Petitioner's failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

Petitioner's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $5.00 remains due and payable. *See Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Judge Herndon
2018.08.09
14:15:13 -05'00'

**United States District Judge**